## William Jones, Appellee, v. T. S. Vickers, Appellant.

1. SALES—*delivery*. When the only dispute is as to time for delivery and the duty of the seller to cover corn sold, and defendant testifies that he ordered delivery to be delayed until he could get a boat, but that the order was disregarded, and on the other hand plaintiff and his agent testify that an order was given to deliver at a certain time which was done, and the buyer paid for the weighing, a finding of delivery in accordance with the contract is supported.

2. CUSTOM—*evidence*. A trade custom requiring the seller to cover corn delivered at a river bank for shipment is not established where the buyer and another testify that it is the custom of the seller to keep corn dry and in good condition until shipment, but two witnesses for the plaintiff testify that the custom was to put dunnage under the corn, but not to cover it.

3. INSTRUCTIONS—*cure of error*. It is not necessary to consider alleged erroneous instructions as to interest, where the interest is remitted in the Appellate Court.

4. INSTRUCTIONS—*when erroneous*. An instruction is erroneous which provides that the jury should find for the plaintiff if they

believed from the evidence plaintiff had proved the material allegations of his declaration.

5. INSTRUCTIONS—*not based on evidence erroneous.* An instruction not based on the evidence is erroneous.

6. INSTRUCTIONS—*harmless error.* Erroneous instructions will not reverse, unless they misled the jury to the appellant's prejudice.

7. COSTS—*when may be against appellee though judgment is affirmed.* Costs may be awarded against the appellee, though the judgment is affirmed, when it was in excess of the *ad damnum* in the declaration, and is cured on appeal by remittitur.

*Assumpsit.* Appeal from the Circuit Court of Pope county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed June 27, 1912.

CHARLES DURFEE, for appellant.

JOHN W. BROWNING, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Appellee brought suit in *assumpsit* to recover the price of a lot of corn sold and delivered to appellant. He recovered a judgment for $998.51 but has entered a *remittitur* of $25.35 in this court, thereby reducing the amount of the recovery to $973.16.

There is no dispute that appellee contracted with appellant to deliver to him at the river preparatory to shipment, the corn at the price of sixty-eight cents per bushel, and that he did deliver there two thousand three hundred and eighty-seven bushels. The dispute arises as to when it was to be delivered, and whether after it was delivered at the river it was the duty of appellee to cover it so as to protect it from the weather until it was shipped. The corn after being delivered at the river remained exposed to a rain fall of three or four days and was damaged by sprouting, and appellant claims he is entitled to deduct the amount of the damages from the contract price. Upon the question whether the corn was delivered according to the agreement the evidence was conflicting.

The means employed by appellant in shipping corn

from this point was by boat which was at times irregular on account of low water. He testified the agreement was, the corn was to be shelled, sacked, and hauled to the bank of the river where he could get it with a boat and that he was to send the sacks; that he got word by telephone the corn was shelled from a Mr. Weeks; that he answered it was impossible to receive it that he could not get a boat on account of low water but would let the parties who were to deliver corn know as soon as he could get a boat. The boat came after the corn April 13 and appellant came with it; he then found the corn had been hauled to the bank on April 5 and that meanwhile it had been exposed to the rain and was sprouted and damaged. Appellant claims the corn was prematurely hauled to the bank before he agreed to receive it as it was not to be hauled until he could get a boat and by reason thereof it was exposed to and damaged by the rain, and such damage should be borne by appellee. He further testified that by reason of the damaged condition the corn netted him sixty cents per bushel. Appellant was not at the landing himself when the corn was hauled there and it was weighed by one Willis.

The agreement with appellant for the sale of the corn was made by M. C. Clanahan who testified he made the sale of the corn of several persons including appellee and himself. He states that appellant offered sixty-eight cents and he told him to consider the corn sold; that appellant said he would ship the sacks as soon as he could and the sacks came; that the sellers shelled the corn and waited for orders to put it on the bank; that by direction of appellee Jones they got the corn to the bank Tuesday, April 5, for the boat next day but the boat did not come until the 13th and the corn was rained on and damaged after the 6th.

Appellee testified that after his corn was shelled he talked with appellant by telephone and was told by him to put the corn out for Wednesday's boat and that someone would be there to weigh it; that he put it

out on Monday and that it was in good condition and continued so until after Wednesday when it rained three or four days; that the boat did not come until the next Wednesday. A Mr. Willis weighed the corn and testified appellant paid him for weighing. Appellant says he did not authorize Willis to weigh it but also says something was said about Willis weighing it.

The evidence was sufficient to show a sale of the corn to appellant and a delivery as directed by him. When the corn was thus delivered it became his corn and remaining upon the bank for the arrival of the boat was at his risk unless appellee neglected some duty he owed respecting the care of the corn on the bank after delivery.

Appellee piled the sacks upon dunnage to keep it from drawing dampness but did not cover it with tarpaulins. There was no agreement that he would cover the corn but appellant claims the duty arose from a customer along the river of the seller of corn to keep it dry after it is delivered at the bank until a boat comes. The only evidence offered to prove a custom was that of appellant and one Kuebler. The former stated he had been buying corn along the river twenty years and it was the general custom to keep it in good condition until a boat came to receive it; the other witness stated it was the custom of the seller in delivering corn on the river bank to keep it dry and in good condition until a boat could reach it. On the other hand a witness Clanahan stated he had been both a buyer and seller and that the custom at this place was that the corn was to be sacked on the river bank and the seller was under no further obligation. Another witness Pierce said it was his custom and possibly of the trade to have dunnage put under it and it is left in that condition after it is weighed.

To be a good custom "it must be generally known and established and so well settled and so uniformly

acted upon as to raise a fair presumption that it was known to both contracting parties and they contracted in reference to it and in conformity with it, * * * All the authorities concur in saying that if usage is relied upon it must be shown to be ancient, certain, uniform, reasonable, and so general as to furnish this presumption of knowledge by both parties.'' (Bissell v. Ryan, 23 Ill. 570; Wilson v. Bauman, 80 Ill. 495; Coffman v. Campbell, 87 Ill. 98.) The evidence did not establish a trade custom.

Error is assigned upon instructions numbers 3, 4 and 6 given for appellee on the subject of interest. The jury allowed interest in the sum of $25.35 but as that has been remitted here it is not necessary to consider the instructions.

Error is also assigned upon instructions 2 and 7 given for appellee. No. 2 told the jury if they believed from the evidence plaintiff had proven the material allegations of his declaration, they should find for the plaintiff. The instruction was erroneous and has been so repeatedly condemned it should not find its way into a series of instructions. No. 7 was erroneous as there was no evidence upon which to base it. Erroneous instructions however will not reverse unless they have misled the jury to appellant's prejudice. There was no dispute about the quantity of corn delivered and the agreed price and these instructions did appellant no harm.

The verdict was right and the judgment will be affirmed for the sum of $973.16, but inasmuch as the judgment below was in excess of the *ad damnum* in the declaration and which was cured by a *remittitur* in this court it is ordered that appellee pay the costs of this appeal.

*Affirmed with judgment against appellee for costs of this appeal.*